RUSSELL PAPER COMPANY vs. AVERY J. SMITH.

Hampden.   Sept. 25. — Oct. 1, 1883.   FIELD & W. ALLEN, JJ., absent.

If an attachment is dissolved under the Pub. Sts. c. 157, § 46, by the debtor going
into insolvency, and the attaching officer refuses to deliver up the goods on
demand by the assignee in insolvency, the creditor is not entitled to prove,
under § 139, as a claim against the estate, the expenses subsequently incurred
by the officer in keeping the goods.

APPEAL from a decree of the Court of Insolvency, disallowing
a claim of the plaintiff against the estate of Philo Cline.   The
Superior Court affirmed the decree; and the plaintiff appealed
to this court.   The facts appear in the opinion.

G. Wells, for the plaintiff.

E. B. Maynard, for the defendant.

MORTON, C. J.   The statute provides that, "when an attach-
ment on mesne process has been made and is not dissolved before
commencement of proceedings in insolvency, and when such
attachment has been dissolved by bond given by the defendant,
if the claim upon which the suit was commenced is proved
against the estate of the debtor, the plaintiff may also prove
the legal fees, costs, and expenses of the suit and of the custody
of the property, and the amount thereof shall be a privileged
debt."   Pub. Sts. c. 157, § 139.

In the case before us, the plaintiff made an attachment of the
goods of one Cline; while such attachment was in force, Cline
went into insolvency, and an assignee was appointed, who de-
manded the goods of the attaching officer.   The officer refused
to deliver them to the assignee, and retained possession of them
until they were taken from him upon a writ of replevin in favor
of the assignee.   The officer, in retaining the goods, acted under
the directions of the plaintiff, who, with other creditors, had
instituted a suit in equity to set aside the insolvency proceed-
ings, on the ground that Cline was not a resident of this Com-
monwealth when he filed his petition.   Upon a hearing, the bill
in equity was dismissed.

The plaintiff now claims the right to prove, as a privi-
leged debt, the expenses incurred by the officer in keeping the
goods between the time of the demand by the assignee and the

replevying of the goods as above stated. It is clear that this claim cannot be maintained. The expenses which the plaintiff seeks to cast upon the estate are not a part of " the legal fees, costs, and expenses of the suit and of the custody of the property," within the meaning of the statute. The expenses of custody provided for are the expenses of the legal custody during the continuance of the attachment. By the assignment, the plaintiff's attachment, having been made within four months of the time of the first publication of notice of the filing of the petition, was dissolved. Pub. Sts. *c.* 157, § 46. After the demand made upon him by the assignee, the attaching officer held the goods, not by virtue of the attachment, for that was ended, but as a trespasser and wrongdoer. His expenses thus incurred are not legal expenses of the custody of the property, and cannot be recovered or proved against the estate. It follows that the judgment of the Superior Court must be *Affirmed.*